UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| JESSE RAY WALTHERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-196-DLB |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Jesse Ray Walthers is an inmate confined in the United States Penitentiary ("USP")-Lewisburg, located in Lewisburg, Pennsylvania.[1] Proceeding without an attorney, Walthers has filed a civil rights Complaint [R.1] asserting claims arising from personal injuries which he sustained on July 11, 2011, while confined in the USP-McCreary in Pine Knot, Kentucky.

The Court must conduct a preliminary review of Walthers' Complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court evaluates Walthers' Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.

---

[1] When Walthers filed this action, he was confined in the Federal Correctional Institution-Talladega, located in Talladega, Alabama. Walthers has since been transferred to USP-Lewisburg. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&ID Type=IRN&IDNumber=10963-091&x=64&y=38 (last visited April 30, 2013).

2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  At this stage, the Court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true."  *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citations omitted).

Having reviewed Walthers' Complaint, the Court will dismiss it for lack of subject matter jurisdiction.  Walthers may pursue his claims, which fall under the Inmate Accident Compensation Act ("IACA") 18 U.S.C. § 4126, at the correctional institution where he is confined, in the manner prescribed by 28 C.F.R. § 301.303(a).

## BACKGROUND

Walthers alleges that on July 11, 2011, while working as a food service employee at USP-McCreary, Defendant Brown, the Food Service Supervisor, instructed him to load food onto a food cart and return it to the food service area.  While Walthers was loading food onto the cart in front of the food service area, the cart "tipped over" on him, causing an injury to his head which required 10 stitches and bruising over his back and neck.  Walthers claims that the food carts were damaged and malfunctioning, and that two days after the incident, Defendant Solomon, the Food Service Administrator, told Walthers that he (Solomon) was aware that the food carts had been broken for some time.  [R. 1, p. 3]  Walthers contends that Defendants Solomon and Brown acted with gross negligence by requiring him to operate a food cart which they knew was damaged, unsafe, and in need of repair.

Walthers further alleges that after he was injured on July 11, 2011, USP-McCreary Nurse Miracle refused to take pictures of his injuries because "she didn't want to lose her job," and that Defendant  K. Bennett-Baker, the USP-McCreary Physician's Assistant, ignored his medical complaints and "...refused to have me seen by an outside specialist after my x-rays were clear...."

[*Id.*]  Walthers claims that after Physician's Assistant Jennifer West took over his medical care, he continued to receive nothing more than a prescription for ibuprofen.  [*Id.*]

Walthers acknowledges that his X-rays were determined to be "clear," but claims that he continues to suffer chronic headaches, neck pain, and numbness in his left arm. [*Id.*, p. 7]  Walthers states that he has "continually complained of the lingering effects to medical from that date until the present (8-20-2012)," *id*. p. 3,[2] but that the medical staffs at both USP-McCreary and at FCI-Talladega refused to allow him to be examined by a specialist despite his complaints of headaches, neck pain, and numbness in his left arm.  [*Id.*, p. 7]

Walthers states that he completed the three-step Bureau of Prisons ("BOP") administrative remedy process as to his claims.  [*Id.*, p. 4, § IV]  In his Request for an Informal Resolution, Walthers demanded $100,000 in damages for his injuries.  On August 24, 2011, Richard B. Ives, then Warden of USP-McCreary, denied Walthers' request for a formal remedy, informing him that he must pursue his claims through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  [R. 1-1, p. 6]

In his appeal to the BOP's Mid-Atlantic Regional Office ("MARO"), Walthers stated that a tort claim examiner had informed him "that the tort claim was not the appropriate remedy. Furthermore, the Warden's response does not fully and accurately address my issue."  [*Id.*, p. 7]

The MARO subsequently denied Walthers' BP-10 appeal, stating:

> Investigation of your complaint reveals you are receiving appropriate medical treatment and you continue to have access to sick call for your concerns. Regarding to your request for compensation, the Administrative Remedy Program does not provide monetary compensation of this nature. Please refer to the Federal Tort Claims Act for that purpose.  In addition, you are encouraged to continue to work

---

[2]  Walthers dated his Complaint August 20, 2012, *id.*, p. 11, although the Complaint was not received and filed in the Clerk's office until almost a month later, on September 17, 2012.

with your primary care provider team for other health care related issues and concerns.

[*Id*., p. 8 (no date specified on the denial)]

Walthers attached no documentation relative to an appeal to the BOP Central Office, but he stated in his Complaint form that on March 12, 2012, he filed an appeal to the Office of General Counsel.  [R. 1, p. 4, § IV(A)(2)]

On July 25, 2011, Walthers submitted an administrative claim to the BOP, seeking $100,000 in damages to compensate him for "serious physical injuries due to staff neglect and reckless disregard for my safety."  [R. 1-1, p. 9]  Walthers submitted his claim on Form BP-AO943, entitled "Small Claims for Property Damage or Loss (31 U.S.C. § 3723)."  [*Id*.]

On August 9, 2011, Michelle T. Fuseyamore, BOP Regional Counsel, denied Walthers' administrative claim, which she construed as a request for a settlement under the FTCA and identified as Administrative Tort Claim No. 2011-05595.  [*Id*., p. 11]  Fuseyamore explained to Walthers that he must pursue his claims under the IACA, not the FTCA, because he alleged that he sustained personal injuries while performing a prison job.  [*Id*].  She further explained that the IACA was Walthers' exclusive remedy for all of his claims.  [*Id*.]

> Our investigation reveals all damages you claim directly arise from a work related accident and may only be considered for compensation through Title 18, U.S.C. §4126, Inmate Accident Compensation Act (IAC).  The IAC is the exclusive remedy for inmates allegedly injured while performing federal prison job duties.  This interpretation was set forth by the United States Supreme Court in United States v. Demko, 385 U.S. 149 (1966), where the Court ruled that actions for inmate job-related injuries cannot be maintained under the FTCA.  Rather, the exclusive remedy for inmate job injuries, including your claim, is the lAC.  You may contact staff in the Safety Department to obtain information regarding procedures for filing your claim. As a result, your claim for these damages through the FTCA is denied.

[*Id*.]

The Complaint Form asked Walthers, "What rights under the Constitution, federal law, federal regulations, state law, or state regulations do you allege the Defendant(s) violated?"  [R. 1,

p. 4, § III (D)]  In response, Walthers identified no specific constitutional provision or federal statute, but stated, "My right to personal protection from injury was violated due to gross negligence. My right to adequate health care has been and continues to be violated." [R. 1, p. 4]  Walthers then discussed at length the doctrine of *res ipsa loquitur*.  [*Id*., pp. 5-7]

To the extent that Walthers alleges that his "rights" to adequate health care were "violated," he appears to assert a claim of deliberate indifference to a serious medical condition, a claim that would fall under the ambit of the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment.  To the extent that Walthers alleges that Defendants' gross negligence caused his injuries, he appears to assert a claim under the FTCA, which provides a limited waiver of sovereign immunity to assert claims alleging the negligence of federal employees.  Walthers demands $100,000 in damages and injunctive relief in the form of "immediate access to adequate health care." [*Id*., p. 11]

## DISCUSSION

The IACA, a subsection of the Prison Industries Fund statute, is the exclusive means of recovery for a federal prisoner injured in the performance of an assigned task while confined in a federal prison. *United States v. Demko*, 385 U.S. 149, 151-54 (1966); *Fraley v. Dep't of Justice*, 113 F.3d 1234, 1997 WL 225495, at *2 (6th Cir. May 1, 1997). The cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job.  *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987).  The Code of Federal Regulations defines a work-related injury as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment."  28 C.F.R. § 301.102(a).  Here, Walthers' injuries clearly fall within the IACA because he sustained them while completing a prison work assignment. The IACA

therefore preempts Walthers' FTCA negligence claim and his Eighth Amendment deliberate indifference claim.  *See Demko*, 385 U.S. at 151-54.

Walthers further alleges that Defendants Ives, Baker, and West denied him proper medical care for his work-related injuries and prevented him from being examined by an outside medical specialist.  This claim, too, falls under the IACA, which is also the exclusive means of recovery for a federal prisoner alleging that his prison work-related injuries were subsequently aggravated by the alleged negligence and/or medical malpractice on the part of prison officials.  *See* 28 C.F.R. § 301.301(b) ("Compensation may only be paid for work-related injuries **or claims alleging improper medical treatment of a work-related injury**.") (emphasis added);  *Demko*, 385 U.S. at 151-54; *Wooten*, 825 F.2d at 1044; *Walls v. Holland*, 198 F.3d 248, 1999 WL 993765 (6th Cir. Oct. 18, 1999).

In *Walls*, the plaintiff complained about the medical treatment he was receiving for a work-related injury which he had sustained two years before, claiming that the defendants were deliberately indifferent to his medical needs because they failed to seek medical advice from an outside specialist, denied him adequate medication, and allegedly made medical decisions based upon financial concerns.  *Id*. at *1.  The Sixth Circuit determined that Walls was required to assert claims alleging the denial of medical treatment associated with his work-related injury under the IACA.  *Id*. at *2; *see also Saddoris v. United States*, No. 4:12cv1851, 2012 WL 6732139, at *3-4 (N.D. Ohio Dec. 28, 2012) (holding that the plaintiff's claims based on his work-related injury and the medical treatment he received thereafter were governed by the compensation scheme outlined in § 4126); *Roper v. Does*, No. 4:11CV415, 2012 WL 3078097, at *3-4 (N.D. Ohio July 10, 2012) (finding that the plaintiff's two claims--that he contracted cancer because of his exposure to carcinogens in the air while working at the prison recycling center, and that the prison medical staff

denied him adequate medical care and failed to properly diagnose his cancer--both fell under the IACA); *Usher v. United States*, No. 10-CV-47-JBC, 2010 WL 3721385, at *4 (E.D. Ky. Sept. 15, 2010) (holding that "...§ 4126 of the IACA preempts and bars all of Usher's FTCA negligence claims stemming from his work injuries- - including  post-injury medical claims."); *Koprowski v. Baker*, No. 11-183-GFVT, 2013 WL 1332699, at *12 (E.D. Ky. March 29, 2013) (inmate's Eighth Amendment claim of deliberate indifference to his serious medical needs stemming from his work related injuries are governed by the IACA).  Consequently, the Court lacks subject matter jurisdiction to entertain Walthers' Eighth Amendment and FTCA claims.

Walthers has an available remedy under the IACA, but he must pursue that remedy through the correctional institution where he is confined.  *See* 28 C.F.R. § 301.303(a); *Saddoris*, 2012 WL 6732139, at *4.  "No compensation for work-related injuries resulting in physical impairment shall be paid prior to an inmate's release."  28 C.F.R. § 301.301(a).  To present a claim under the IACA, a federal inmate must complete the FPI Form 43, *Inmate Claim for Compensation on Account of Work Injury*, and submit it to the prison's Institution Safety Manager for processing no more than 45 days prior to the date of his release, and no less than 15 days prior to that date. 28 C.F.R. § 301.303(a).

According to the "Inmate Locator" feature of the BOP's website, Walthers' projected release date is June 15, 2013.[3]  If Walthers wishes to pursue his claims under the IACA, he must submit a completed FPI Form 43 to the Institution Safety Manager of USP-Lewisburg **between May 1, 2013, and May 30, 2013**.

---

[3] *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList= false&IDType=IRN&IDNumber=10963-091&x=64&y=38 (last visited April 30, 2013).

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1.      Jesse Ray Walthers' Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**

**FOR LACK OF SUBJECT MATTER JURISDICTION**;

2.      This proceeding is **STRICKEN** from the Court's active docket; and

3.      Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of Defendants.

This 30th day of April, 2013.



Signed By:

*David L. Bunning*   DB

**United States District Judge**

G:\DATA\Opinions\London\12-196 MOO dismissing case for lack of subject matter jurisdiction.wpd

8